UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GEORGE HUNT                                                                                    PETITIONER

V.                                                         CIVIL ACTION NO.1:07CV65-MPM-JAD

STATE OF MISSISSIPPI, et al.                                                          RESPONDENTS

## REPORT AND RECOMMENDATION

The respondents have moved to dismiss the petition on the ground that it was filed beyond the one year statute of limitations provided in Anti-Terrorism and Effective Death Penalty Act 28 U.S.C. § 2244(d)(Doc. 6). The respondents do not argue that the petition is within the statute of limitations but seeks to have the deadline equitably tolled.

Hunt was convicted on two counts of possession of methamphetamine and one count of conspiracy. He has been sentenced to life as an habitual offender on each of the three counts. The convictions and sentences on two of the three counts were affirmed by the Mississippi Court of Appeals on January 6, 2004. The action was not appealed further and the conviction became final fourteen days later on January 20, 2004. There was no state application for post-conviction relief filed until January 8, 2007, therefore there was no tolling of the federal statute prior to its expiration on January 20, 2005. The federal habeas petition was filed between March 20, 2007 and March 26, 2007, more than two years after the federal time limitation had expired.

Hunt seeks to invoke the equitable tolling. First he asserts that he, through his mother, retained the services of John Dudley Williams in August 2004 to pursue post-conviction relief and specifically requested that the matter be handled timely so that he could file for habeas relief. He states in his letter that he had been advised by "another inmate that we must file the post-conviction

within one year from the direct appeal... so as to stop the clock on enough time to file a federal habeas corpus, if needed." The state petition was filed within Mississippi's three year statute, but long after the running of the federal period of limitations. Hunt contends that he wrote his retained attorney in August, 2004 to remind him to timely file the state action so that he could later pursue federal habeas relief. He claims his mother was advised by Williams that the federal period of limitations would only begin to run after the state court ruling. He claims that only in January of 2007 did he learn that the federal time runs from the time the state conviction becomes final.

The records provided by the respondents show a request from Hunt on August 15, 2002 for the packet on post-conviction relief and the that the packet was provided to Hunt on August 21, 2002. For his part Hunt alleges that he never actually received the packet. The point is that the packets were available and Hunt knew they were available. If one request failed to yield results, diligent pursuit of his rights, particularly given twenty other responses by ILAP to other requests, would require another request. If Hunt did not have a packet, it was Hunt's fault.

Additionally, Hunt's letter in 2002 indicates his correct understanding of the one year statute of limitations and the tolling provisions. What the record shows at most is that his attorney negligently misunderstood the applicable law and so advised Hunt. Because prisoners are not entitled to counsel in post-conviction proceedings and therefore cannot state a claim for ineffective assistance of counsel, attorney error does not constitute "rare and exceptional' circumstances and will not trigger equitable tolling. *Cousin v Lensing*, 310 F.3d. 843, 848-9 (5th Cir. 2002).

The undersigned notes that the petitioner individually and through his mother complained to the court about the purported confiscation of some exhibits to his pleadings by the ILAP office. Assuming that this has occurred, prison officials need to take steps to assure that legal mail is not

2

censored. However in this case there has been no harm done as the petitioner admits in his letter that the exhibits he sought to forward to the court were already made a part of the record by the state.

The undersigned recommends that the petition be dismissed with prejudice as time barred.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 14th day of August, 2007.

/s/ JERRY A. DAVIS  
UNITED STATES MAGISTRATE JUDGE